UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRINCIPAL FINANCIAL SERVICES, INC., an Iowa corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRINCIPAL WARRANTY, LLC, d/b/a PRINCIPAL WARRANTY CORP.,<br><br>Defendant. | NO. 2:22-cv-01096<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION<br><br>JURY DEMAND |

Plaintiff, Principal Financial Services, Inc. (hereinafter "Plaintiff" or "Principal"), brings this action against Defendant Principal Warranty, LLC, d/b/a Principal Warranty Corp. (hereinafter referred to as "Principal Warranty" or "Defendant"), and alleges as follows:

## I.   NATURE OF THE ACTION

Principal brings this action to protect one of its most valuable assets: its PRINCIPAL trademark. Principal seeks to put an end to Defendant's unlawful use of the infringing PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. names and service marks—such use having continued despite Principal's demands that Defendant cease and desist. Principal therefore seeks injunctive and monetary relief for acts of trademark infringement, unfair competition, and trademark dilution under the Lanham Act, Title 15,

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 1

11271555v.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

United States Code §1051, *et seq.*, and the statutes and common laws of the State of Washington.

## II.     PARTIES

1. Principal is a corporation duly organized and existing under the laws of the State of Iowa and located at 711 High Street, Des Moines, Iowa 50392.

2. Principal is a direct, wholly owned subsidiary of Principal Financial Group, Inc. (NASDAQ-PFG).

3. Principal, a Fortune 500® company, is the owner of its family of famous PRINCIPAL and PRINCIPAL formative trademarks in the United States and throughout the world. Principal, through its various member companies and licensees, uses its family of famous PRINCIPAL and PRINCIPAL formative trademarks in interstate commerce and throughout the world in connection with a variety of services including, but not limited to, real estate, insurance, underwriting, investment, investment management, investment advisory, lending, employee benefits, healthcare, financial, banking, mutual funds, retirement, and global asset management.

4. Defendant Principal Warranty, LLC d/b/a Principal Warranty Corp. is a limited liability company organized under the laws of the State of Washington and domiciled at 325 E. George Hopper Road, Suite 201A, Burlington, WA 98233 with a corresponding mailing address of 1500A E. College Way PMB 541, Mount Vernon, WA 98273.

5. Defendant has and is using the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. trade names and service marks in connection with motor vehicle service contracts, GAP coverage, drive-train warranties, and similar products as well as training on those products to automobile and RV dealers.

6. Defendant maintains a website at https://www.principalwarrantycorp.com/.

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 2

11271555v.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

7. According to its website, Defendant "Principal Warranty Corp. offers a full suite of F&I products to dealers and agents nationwide including Vehicle Service Contracts, Prepaid Maintenance Plans, Recreational Vehicle - Towable Protection, Motorcycle & Powersports Protection, Lifetime Warranty Programs, GAP, and Ancillary Protection programs.

All Principal Warranty Corp.'s products are fully compliant and insured by A.M. Best rating of 'A' Excellent rated carriers and can be customized to meet a dealership's needs."

8. According to United States Patent and Trademark Office records, Defendant filed four federal trademark applications for the marks PRINCIPAL WARRANTY CORP. (word) and PWC PRINCIPAL WARRANTY CORP. (design) for use in connection with "insurance administration; insurance claims processing; insurance claims administrations; extended warranty services, namely, service contracts; Training services in the field of insurance and warranties" (Defendant's Services): U.S. Application Serial Nos. 88/349,308 88/349,311, 88/349,312, and 88/349,314. All four of the applications were subsequently abandoned by Defendant on January 13, 2020.

9. Prior to the abandonment of the four aforesaid federal trademark applications, PRINCIPAL contacted attorneys for Defendant and raised concerns over the trademark applications and ongoing use of the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. marks. Thereafter, Defendant abandoned all four applications and Plaintiff engaged in active settlement discussions with Defendant. Despite these settlement discussions, Defendant has not ceased its use of the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. marks. Instead, Defendant recently launched a new version of its website that significantly expands and emphasizes its use of the mark PRINCIPAL and changed its stylization of the PRINCIPAL WARRANTY CORP. mark to a font that is remarkably similar, if not visually indistinguishable, from that which is used by Principal in its

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 3

11271555v.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

stylized PRINCIPAL mark. See, <u>Exhibit 1</u>.

10. Defendant's newly launched website also includes use of a number of other PRINCIPAL formative marks including, but not limited to: PRINCIPAL AUTO CARE; PRINCIPAL LUXURY CARE; PRINCIPAL TECH CARE; PRINCIPAL SECURE CARE; PRINCIPAL S DRIVE; PRINCIPAL AUTO GAP; PRINCIPAL LIFETIME WARRANTY; PRINCIPAL TOTAL CARE; PRINCIPAL LEASE CARE; PRINCIPAL COSMETIC CARE; PRINCIPAL MAXIMUM SHIELD; PRINCIPAL EXECUTIVE SHIELD; PRINCIPAL WEAR SHIELD; PRINCIPAL KEY SHIELD; PRINCIPAL SAFETY SHIELD; PRINCIPAL CONNECT; PRINCIPAL RV TOTAL CARE; PRINCIPAL RV MAXIMUM SHIELD; PRINCIPAL RV SAFETY SHIELD; PRINCIPAL RV THEFT SHIELD; PRINCIPAL RV CARE; PRINCIPAL RV GAP; and, PRINCIPAL POWER SPORTS. See, <u>Exhibit 2</u>.

### III.   JURISDICTION AND VENUE

11. This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §1051, *et seq*., subject matter being conferred on this Court under 15 U.S.C. §1121, 28 U.S.C. §1332, 28 U.S.C. §§1338 (a) and (b), and 28 U.S.C. §1367.

12. This is an action in which the Plaintiff and Defendant are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

13. This Court has personal jurisdiction over Defendant. Principal Warranty, LLC d/b/a Principal Warranty Corp. is a business entity formed under the authority of the State of Washington and is domiciled within the state. By its residency and transacting business within the State of Washington, Defendant has sufficient contact with the state to establish that this court has personal jurisdiction over it.[1]

---

[1] Plaintiff previously filed a virtually identical action before the United States District Court for the Southern District of Iowa, Central Division (4:22-CV-00050). Defendant Principal Warranty, LLC d/b/a Principal Warranty Corp. filed a Motion of Dismiss for Lack of Personal Jurisdiction which was granted by the Court on July 13, 2022 and dismissed thereafter.

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 4

11271555v.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

14. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c). Defendant markets and offers their services in interstate commerce and within the Western District of Washington under the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP trade names and service marks.

## IV.   FACTS COMMON TO ALL CLAIMS FOR RELIEF
### The Famous PRINCIPAL Family of Trademarks

15. Founded more than a century ago, Principal is one of the oldest and most respected providers of real estate, insurance, underwriting, investment, investment management, investment advisory, lending, employee benefits, healthcare, financial, banking, mutual funds, retirement, and global asset management services (hereinafter "Plaintiff's Services"). Principal, via its predecessor in interest, has used its famous PRINCIPAL mark since at least as early as 1960. Today, Principal is one of the top providers of financial, investment, retirement, insurance and asset management services in the United States and around the world and has more than $714 billion in assets under management as of the end of the first quarter 2022. Examples of Principal's use of its PRINCIPAL mark can be found in attached Exhibit 3.

16. By its longstanding and widespread use of the PRINCIPAL mark in connection with a variety of services, Principal is the owner of the family of famous PRINCIPAL and PRINCIPAL formative trademarks, including, but not limited to, PRINCIPAL, THE PRINCIPAL, PRINCIPAL FINANCIAL GROUP, PRINCIPAL REAL ESTATE INVESTORS, PRINCIPAL GLOBAL INVESTORS, PRINCIPAL LIFE INSURANCE COMPANY, and PRINCIPAL ASSET MANAGEMENT. Principal has applied for and obtained numerous United States Trademark Registrations for marks that consist of or incorporate the term "Principal". See, Exhibit 4. Copies of Principal's United States Trademark

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 5

11271555v.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

Registration Certificates are attached hereto as Exhibit 5. Principal's common law PRINCIPAL formative marks along with the uses, Registrations, and Applications depicted in Exhibits 3, 4, and 5 are hereinafter collectively referred to as the "PRINCIPAL Family of Marks".

17. Principal has invested more than one billion dollars in advertising and promoting its products and services under the PRINCIPAL Family of Marks, thus developing valuable goodwill and establishing the PRINCIPAL Family of Marks as symbols of quality and reliability.

18. In its public facing materials, Principal utilizes a particular stylization incorporating a fanciful P design and/or a stylized treatment of the PRINCIPAL mark as set forth in the following examples:



19. Since long before Defendant's acts complained of herein, Principal and/or its

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 6

11271555v.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

1  affiliates, licensees, or predecessors-in-interest have continuously used one or more of the
2  marks in the PRINCIPAL Family of Marks in the State of Washington and in interstate
3  commerce.

**Defendant's Infringing Acts**

5  20.  Defendant offers Defendant's Services in interstate commerce and in channels
6  of trade similar to those of Principal and/or its affiliates and/or licensees.

7  21.  Notwithstanding Principal's well-established rights in and to the PRINCIPAL
8  Family of Marks and with constructive and/or actual knowledge of same, Defendant
9  commenced use of the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP.
10 trade names and service marks in connection with Defendant's Services within the State of
11 Iowa and in interstate commerce.

12 22.  Defendant's use of the PRINCIPAL WARRANTY and PRINCIPAL
13 WARRANTY CORP. trade names and service marks is likely to cause confusion as to source
14 of, origin of, sponsorship with, or affiliation with Plaintiff's PRINCIPAL Family of Marks.

15 23.  Defendant utilizes a particular stylization of its PRINCIPAL WARRANTY
16 CORP. mark which closely resembles that of the stylization and font used by PRINCIPAL,
17 namely:



*Defendant's Stylized Mark*          *Plaintiff's Stylized Mark*

23 24.  In addition to its use of PRINCIPAL WARRANTY and PRINCIPAL
24 WARRANTY CORP trade names and service marks, Defendant uses the mark PRINCIPAL

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 7

11271555v.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

by itself on its web site:



25.  Defendant's PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP trade names and service marks are confusingly similar to one or more of the marks in Plaintiff's PRINCIPAL Family of Marks.

26.  Plaintiff's Services and Defendant's Services, and the classes of consumers who purchase such services, are identical or virtually identical.

27.  Defendant adopted the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP trade names and service marks without the express or implied consent of Plaintiff.

28.  At no time did Plaintiff authorize, license, or otherwise permit Defendant to use or display any of the marks making up the famous PRINCIPAL Family of Marks or any marks that incorporate the PRINCIPAL mark.

29.  Defendant has been informed of Principal's rights in its famous PRINCIPAL Family of Marks and nevertheless continues to use the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP trade names and service marks, trading on the goodwill Principal has built over more than sixty years, despite Principal's objections.

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 8

11271555v.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

30. Defendant has used and continues to use the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP trade names and service marks in interstate commerce in connection with Defendant's Services in direct violation of Principal's rights in and to the PRINCIPAL Family of Marks, despite Plaintiff's consistent and ongoing objection to the same.

31. Defendant's infringing activities continue despite actual and/or constructive notice of Principal's rights in and to its famous PRINCIPAL Family of Marks, thus Defendant's actions are willful, deliberate, and specifically calculated to trade off the reputation and goodwill associated with the famous PRINCIPAL Family of Marks.

32. Defendant's past and ongoing use of the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. trade names and service marks, which is confusingly similar to one or more of the marks in the famous PRINCIPAL Family of Marks, has caused substantial harm to Plaintiff, for which there is no adequate remedy at law; and, unless Defendant is restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to Plaintiff by continuing to damage the goodwill associated with the PRINCIPAL Family of Marks and Plaintiff's business reputation.

33. Defendant's use of the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. trade names and service marks, which is confusingly similar to one or more of the marks in the famous PRINCIPAL Family of Marks, is likely to mislead, deceive, and/or confuse the purchasing public as to the source of Defendant's Services.

34. Defendant does not have a legitimate reason or good faith basis to use the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP trade names and service marks in commerce.

35. Defendant's continued use of the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. trade names and service marks after receiving notice of Plaintiff's rights

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 9

11271555v.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

1 establishes Defendant's intent to profit from the goodwill and value of Plaintiff's PRINCIPAL Family of Marks.

### V. COUNT I

#### Violations of Section 32(1) of the Lanham Act – Trademark Infringement

36. Principal repeats and re-alleges the allegations of paragraphs 1 through 35 as if fully set forth herein.

37. Defendant's use of the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP trade names and service marks is likely to cause confusion, mistake, or deception as to the origin or source of Defendant's Services, in violation of the Lanham Act, 15 U.S.C. §1114(1).

38. Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's Services, to injure Principal, and/or to reap the benefit of Principal's goodwill associated with the PRINCIPAL Family of Marks.

39. Defendant's acts as alleged herein constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

40. Defendant's acts as complained herein have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

41. Plaintiff has no adequate remedy at law.

42. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

### VI. COUNT II

#### Violation of Section 43(a) of the Lanham Act – Unfair Competition

43. Principal repeats and re-alleges the allegations of paragraphs 1 through 42 as if fully set forth herein.

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 10

11271555v.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

44. Defendant's promotion, advertising, distribution, marketing, sale, and/or offering for sale of Defendant's Services are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's Services, and are intended, and are likely to cause such parties mistakenly to believe that Defendant's Services have been authorized, sponsored, approved, endorsed or licensed by Principal, or that Defendant is in some way affiliated with Principal, which it is not.

45. Defendant's use of the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. trade names and service marks constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which are likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

46. Defendant's acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

47. Defendant's acts, as complained of herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

48. Plaintiff has no adequate remedy at law.

49. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's acts alleged herein.

## VII.   COUNT III

### Violation of Section 43(c) of the Lanham Act – Trademark Dilution

50. Principal repeats and re-alleges the allegations of paragraphs 1 through 49 as if fully set forth herein.

51. Based on the inherent or acquired distinctiveness of the PRINCIPAL Family of Marks, the duration and extent of Principal's use of the PRINCIPAL Family of Marks, the

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 11

11271555v.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

duration and extent of advertising featuring the PRINCIPAL Family of Marks, the geographic area in which Principal has sold and advertised goods or services featuring the PRINCIPAL Family of Marks, the nature of the trade channels Principal uses to market goods or services featuring the PRINCIPAL Family of Marks compared to the channels through which Defendant sells its services, the degree of public recognition of the PRINCIPAL Family of Marks, and the various federal registrations for the PRINCIPAL Family of Marks, the PRINCIPAL Family of Marks has become famous as contemplated by Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

52. The aforesaid willful and deliberate acts of Defendant, all occurring after the PRINCIPAL Family of Marks became famous, have caused and continue to cause dilution or are likely to cause dilution of the famous PRINCIPAL Family of Marks and thus constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c). Unless Defendant is enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

53. Principal has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## VIII.   COUNT IV

### Unfair Business Practices under Washington Statute RCW §19.86.010

54. Principal repeats and re-alleges the allegations of paragraphs 1 through 53 as if fully set forth herein.

55. Under the Washington Unfair Business Practices – Consumer Protection Code RCW §19.86.020, "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" shall be subject to a civil action by "any person who is injured in his or her business or property by a violation of RCW §19.86.020" to recover the

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 12

11271555v.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee.

56. Defendant's use of the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. trade names and service marks, colorable imitations of the famous PRINCIPAL Family Marks, without authorization from Plaintiff constitutes unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce under Washington Statue, RCW §19.86.010.

57. Defendant's acts as complained herein, have caused irreparable injury and damage to Principal, and unless restrained, will continue to do so.

58. Plaintiff has no adequate remedy at law.

59. Principal has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

### IX. COUNT V

**Trademark Infringement and Unfair Competition under Washington State Common Law**

60. Principal repeats and re-alleges the allegations of paragraphs 1 through 59 as if fully set forth herein.

61. Principal enjoys well-established common law service mark rights in and to the PRINCIPAL Family Marks in which Principal has built significant goodwill. Principal's rights are superior to any rights that Defendant might wish to claim in its confusingly similar mark.

62. Principal first adopted and used the PRINCIPAL Family of Marks in its market or trade area as a means of establishing goodwill and reputation and to describe, identify, or denominate particular goods or services rendered or offered by Principal and to distinguish them from similar goods and services rendered or offered by others. Accordingly, Plaintiff's PRINCIPAL Family of Marks has acquired secondary meaning.

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 13

11271555v.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

63. Defendant has used, in connection with Defendant's Services, terms or names that are identical or confusingly similar to Plaintiff's PRINCIPAL Family of Marks. These terms or names have caused or are likely to cause confusion or mistake as to the source, affiliation, connection, or association of Defendant's Services. Consumers of Defendant's Services are likely to associate or have associated such services as originating with Principal. This mis-association is detrimental to Principal.

64. Plaintiff has no adequate remedy at law.

65. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendant's actions alleged herein.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant and grant the following relief:

A. Find that Defendant willfully violated Sections 32(1), 43(a), and 43(c) of the Lanham Act, 15 U.S.C. §1051 *et seq.*;

B. Find that Defendant committed willful acts of unfair business practices in violation of Washington Statute, RCW §19.86.010;

C. Find Defendant liable for acts of trademark infringement and unfair competition in violation of Washington State common law;

D. Preliminarily and permanently enjoin Defendant and any agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant from use of the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. trade names and service marks or any other colorable imitation of any PRINCIPAL and/or PRINCIPLE trademark, trade name, and/or service mark in any advertisement, promotion, offer for sale, or

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 14

11271555v.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

1  sale of any goods or services that are sufficiently similar to those offered by Plaintiff such that
2  confusion is likely;

3       E.    Pursuant to 15 U.S.C. §1118, order Defendant to deliver up and destroy all
4  products, labels, signs, packages, wrappers, advertisements, promotions, and all other matter in
5  custody or under the control of Defendant that bear any of the PRINCIPAL Family of Marks
6  or any other mark that is likely to be confused with one or more of the PRINCIPAL Family of
7  Marks;

8       F.    Order an award to Plaintiff of all actual damages and an accounting of any gains,
9  profits, and advantages derived by Defendant resulting from the infringing acts complained of
10 herein;

11      G.    Order an award of three times the amount of Plaintiff's damages or Defendant's
12 profits, whichever is greater;

13      H.    Order an award to Plaintiff of all pre-judgment and post-judgment interest to the
14 extent allowed by law;

15      I.    Pursuant to 15 U.S.C. §1116, order Defendant to file with this Court and serve
16 on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath
17 setting forth in detail the manner and form in which Defendant has complied with the Order;

18      J.    Award Plaintiff all costs, disbursements, and reasonable attorneys' fees, due to
19 the exceptional nature of the case pursuant to 15 U.S.C. §1117; and

20      K.    Award Plaintiff other such relief, in law or in equity, as this Court deems
21 appropriate.

22     Plaintiff hereby demands trial by jury on all issues.

23 //
24 //

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 15

11271555v.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

DATED this 4th day of August, 2022.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: */s/ Ramona N. Hunter*
Ramona N. Hunter, WSBA #31482
Hailey K. Delay, WSBA #54887
1700 7th Avenue, Suite 2100
Seattle, WA 98101
(206) 709-5866 (direct)
(206) 709-5900 (main)
(206) 709-5901 (fax)
ramona.hunter@wilsonelser.com
hailey.delay@wilsonelser.com

*Attorneys for Plaintiff Principal Financial Services, Inc.*

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION (2:22-cv-01096) – 16

11271555v.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)