The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRINCIPAL FINANCIAL SERVICES, INC., an Iowa corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRINCIPAL WARRANTY, LLC, d/b/a PRINCIPAL WARRANTY CORP.,<br><br>Defendant. | Case No. 2:22-cv-01096-RSL<br><br>DEFENDANT'S ANSWER TO COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND TRADEMARK DILUTION |

Defendant Principal Warranty, LLC, d/b/a Principal Warranty Corp. ("PWC") hereby answers Plaintiff Principal Financial Services, Inc.'s ("Plaintiff" or "PFS") Complaint dated August 4, 2022 ("Complaint"), as follows, denying all allegations not specifically admitted below:

## I. NATURE OF THE ACTION

The first paragraph contains Plaintiffs' characterization of the Complaint, to which no response is required. To the extent a response is required, PWC denies.

/ / /

/ / /

/ / /

/ / /

DEFENDANT'S ANSWER TO COMPLAINT - 1
(Case No. 2:22-cv-01096-RSL)

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4878-0319-4422.3

## II. THE PARTIES

1. Paragraph 1 contains no allegations against PWC, and thus no response is required. To the extent a response is required, PWC admits plaintiff is an Iowa corporation and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the same.

2. Paragraph 2 contains no allegations against PWC, and thus no response is required. To the extent a response is required, PWC lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies the same.

3. Paragraph 3 contains no allegations against PWC, and thus no response is required. To the extent a response is required, PWC admits plaintiff is a Fortune 500 company, owns various trademark registrations as reflected in the records of the United States Patent and Trademark Office ("PTO") and otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies the same.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. PWC admits to filing four trademark applications with the United States Patent and Trademark Office for the marks PRINCIPAL WARRANTY CORP. (word) and PWC PRINCIPAL WARRANTY CORP. (design) with applications numbers 88/349,308, 88/349,311, 88/349,312, and 88/349,314. Principal denies that Defendant abandoned the applications on January 13, 2020.

9. PWC admits that PFS contacted PWC's attorneys regarding the use of PWC's marks, that PWC abandoned its applications, that the parties have engaged in extensive settlement discussions, and that PWC continues to use those marks as it has done for over a

DEFENDANT'S ANSWER TO COMPLAINT - 2
(Case No. 2:22-cv-01096-RSL)

4878-0319-4422.3

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA 98121-1128
206.624.8300 | Fax: 206.340.9599

dozen years. Principal admits its website has changed over time, but denies all other allegations in this paragraph.

10. PWC admits that Exhibit 2 speaks for itself and that PWC lists products with those names on its website.

### III. JURISDICTION AND VENUE

11. Admitted.

12. PWC admits that Plaintiff and Defendant appear to be citizens of different states, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

13. Admitted.

14. Admitted.

### IV. FACTS COMMON TO ALL CLAIMS FOR RELIEF

### The Famous PRINCIPAL Family of Trademarks

15. Paragraph 15 contains no allegations against PWC, and thus no response is required. To the extent a response is required, PWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

16. Paragraph 16 contains no allegations against PWC, and thus no response is required. To the extent a response is required, PWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

17. Paragraph 17 contains no allegations against PWC, and thus no response is required. To the extent a response is required, PWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

DEFENDANT'S ANSWER TO COMPLAINT - 3
(Case No. 2:22-cv-01096-RSL)

4878-0319-4422.3

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

18. Paragraph 18 contains no allegations against PWC, and thus no response is required. To the extent a response is required, PWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

19. Paragraph 15 contains no allegations against PWC, and thus no response is required. To the extent a response is required, PWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

**Defendant's Infringing Acts**

20. PWC admits to offering services in interstate commerce, and denies the remainder of this paragraph.

21. PWC admits to using its trade names and service marks in connection with its services in interstate commerce; admits to use in Iowa only to the extent of its evidence submitted in support of its Motion to Dismiss in Case No. 4:22-cv-00050 in the United States District Court for the Southern District of Iowa (the "Iowa Action"); and denies all other allegations.

22. PWC denies the allegations in this paragraph.

23. PWC admits to the use shown, but denies the characterization that it closely resembles that of Plaintiff.

24. PWC admits to the use shown, but denies any characterization that it closely resembles that of Plaintiff.

25. PWC denies the allegations in this paragraph.

26. PWC denies the allegations in this paragraph.

27. Admitted.

28. Admitted.

DEFENDANT'S ANSWER TO COMPLAINT - 4
(Case No. 2:22-cv-01096-RSL)

4878-0319-4422.3

Miller Nash LLP
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

29. PWC admits to continued use of its name and marks for over a dozen years, admits that PFS contacted it in approximately June of 2019 regarding PFS' marks, but denies all other allegations in this paragraph.

30. PWC admits to continued use of its marks and trade names in interstate commerce, and that PFS has objected to such use, but denies all other allegations in this paragraph.

31. PWC admits that it continues to operate as it has for over a dozen years, and denies the allegations in this paragraph.

32. PWC denies the allegations in this paragraph.

33. PWC denies the allegations in this paragraph.

34. PWC denies the allegations in this paragraph.

35. PWC denies the allegations in this paragraph.

## V. COUNT 1

### Violations of Section 32(1) of the Lanham Act – Trademark Infringement

36. Paragraph 36 contains no allegations against PWC, thus no response is required, and to the extent necessary, PWC incorporates by reference its admissions and denials above.

37. PWC denies the allegations in this paragraph.

38. PWC denies the allegations in this paragraph.

39. PWC denies the allegations in this paragraph.

40. PWC denies the allegations in this paragraph.

41. PWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

42. PWC denies the allegations in this paragraph them.

/ / /

/ / /

/ / /

DEFENDANT'S ANSWER TO COMPLAINT - 5
(Case No. 2:22-cv-01096-RSL)

4878-0319-4422.3

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

## VI. COUNT II

### Violation of Section 43(a) of the Lanham Act – Unfair Competition

43. Paragraph 43 contains no allegations against PWC, thus no response is required and to the extent necessary, PWC incorporates by reference its admissions and denials above.

44. PWC denies the allegations in this paragraph.

45. PWC denies the allegations in this paragraph.

46. PWC denies the allegations in this paragraph.

47. PWC denies the allegations in this paragraph.

48. PWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

49. PWC denies the allegations in this paragraph.

## VII. COUNT III

### Violation of Section 43(c) of the Lanham Act – Trademark Dilution

50. Paragraph 50 contains no allegations against PWC, thus no response is required and to the extent necessary, PWC incorporates by reference its admissions and denials above.

51. PWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

52. PWC denies the allegations in this paragraph.

53. PWC denies the allegations in this paragraph.

## VIII. COUNT IV

### Unfair Business Practices under Washington Statute RCW §19.86.010

54. Paragraph 54 contains no allegations against PWC, thus no response is required and to the extent necessary, PWC incorporates by reference its admissions and denials above.

55. Admitted.

56. PWC denies the allegations in this paragraph.

57. PWC denies the allegations in this paragraph.

DEFENDANT'S ANSWER TO COMPLAINT - 6
(Case No. 2:22-cv-01096-RSL)

4878-0319-4422.3

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

58. PWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

59. PWC denies the allegations of this paragraph.

## IX. COUNT V

**Trademark Infringement and Unfair Competition under Washington State Common Law**

60. Paragraph 60 contains no allegations against PWC, thus no response is required and to the extent necessary, PWC incorporates by reference its admissions and denials above.

61. PWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

62. PWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

63. PWC denies the allegations in this paragraph.

64. PWC is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them

65. PWC denies the allegations of this paragraph.

## X. PRAYER FOR RELIEF

A. PWC denies that Plaintiff is entitled to any relief in this action as requested in the prayer for relief or otherwise.

B. PWC denies that Plaintiff is entitled to any relief in this action as requested in the prayer for relief or otherwise.

C. PWC denies that Plaintiff is entitled to any relief in this action as requested in the prayer for relief or otherwise.

D. PWC denies that Plaintiff is entitled to any relief in this action as requested in the prayer for relief or otherwise.

E. PWC denies that Plaintiff is entitled to any relief in this action as requested in the prayer for relief or otherwise.

DEFENDANT'S ANSWER TO COMPLAINT - 7
(Case No. 2:22-cv-01096-RSL)

4878-0319-4422.3

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

F.   PWC denies that Plaintiff is entitled to any relief in this action as requested in the prayer for relief or otherwise.

G.   PWC denies that Plaintiff is entitled to any relief in this action as requested in the prayer for relief or otherwise.

H.   PWC denies that Plaintiff is entitled to any relief in this action as requested in the prayer for relief or otherwise.

I.   PWC denies that Plaintiff is entitled to any relief in this action as requested in the prayer for relief or otherwise.

J.   PWC denies that Plaintiff is entitled to any relief in this action as requested in the prayer for relief or otherwise.

K.   PWC denies that Plaintiff is entitled to any relief in this action as requested in the prayer for relief or otherwise.

## XI. AFFIRMATIVE DEFENSES

By way of further answer, PWC asserts the following affirmative defenses:

1.   Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted.

2.   PWC started openly using the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. names and marks in 2009, established a website at www.principalwarrantycorp.com by no later than 2011, and has used those names, and other PRINCIPAL-formative names, for its products and services continuously since for its distinct products and services.  Hence, PWC and PFS have been co-existing for over a dozen years in the United States. During that time, PWC is unaware of any consumer confusion that has arisen between PWC's PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. marks and offerings (or any other of PWC's uses of Principal-formative names) and PFS's PRINCIPAL marks and offerings as described in the complaint. This longstanding co-existence itself demonstrates that confusion is unlikely.

DEFENDANT'S ANSWER TO COMPLAINT - 8
(Case No. 2:22-cv-01096-RSL)

4878-0319-4422.3

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

3. The parties provide distinct products and services. PWC's PRINCIPAL WARRANTY CORP. and PWC PRINCIPAL WARRANTY CORP. marks (and any other of PWC's uses of Principal-formative names) are used exclusively with PWC's Vehicle Service Contracts and related automotive products and services, and marketed exclusively to automobile and RV dealers, which products and services PFS does not provide, and which market PFS does not service. None of PFS's active PRINCIPAL filings before the United States Patent and Trademark Office ("Trademark Office") include identifications for auto, automobile, automotive, vehicle, car, motorcycle, or similar transportation focused terms. Therefore, the parties provide distinct services within Class 36.

4. Plaintiffs marks are not sufficiently famous or distinctive and the field is crowded. A June 27, 2019 search of the Trademark Office database revealed 416 filings containing the term "PRINCIPAL," including 124 active filings, 107 active registrations, and 15 Class 36 active filings owned by parties other than PFS ("Third Party Filings"). These Third Party Filings include numerous registrations for financial, insurance, investment, and annuity services.

5. The term "principal" is descriptive in connection with financial and investment services (see, e.g., https://www.investopedia.com/terms/p/principal.asp). Therefore, PFS's rights in the descriptive PRINCIPAL term are extremely narrow.

6. PWC's PRINCIPAL WARRANTY CORP. and PWC PRINCIPAL WARRANTY CORP. & Design marks are visually and aurally distinct from PFS's PRINCIPAL marks. Consumers are unlikely to assume these visually distinctive marks emanate from the same source, and PWC is unaware of any confusion.

7. There is a First Amendment right to use the common English term of "principal," which means both "first in order of importance" and "a sum of money," and PWC's use of "principal" in any marks or names plays off both of those definitions.

8. To the extent that PFS began using any mark at issue in 2009 or thereafter, PWC may have priority of use with respect to only those marks.

DEFENDANT'S ANSWER TO COMPLAINT - 9
(Case No. 2:22-cv-01096-RSL)

4878-0319-4422.3

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

9. Some or all of Plaintiff's claims may be barred by equitable principles, including laches.

### XII. RESERVATION

PWC specifically reserves the right to amend its Answer and Affirmative Defenses as dictated by additional investigation, discovery, and the interests of justice.

### XIII. PRAYER FOR RELIEF

Having answered Plaintiff's Complaint, Defendant PWC prays for relief as follows:

A. That Plaintiff's claims against Defendant PWC be dismissed with prejudice, and judgment be entered for Defendant PWC, including a judgment that PWC does not infringe, dilute or tarnish any of Plaintiff's marks;

B. That Defendant PWC be awarded its reasonable attorneys' fees, expenses and costs pursuant to 15 U.S.C. § 1117 or any other applicable law;

C. That Defendant PWC be awarded its statutory costs and attorneys' fees; and

D. That Defendant PWC be awarded such other relief, in law and equity, as the court may deem just and reasonable.

DATED this 3rd day of October, 2022.

s/ *Brian W. Esler*
Brian W. Esler, WSBA No. 22168
Miller Nash LLP
Pier 70, 2801 Alaskan Way, Suite 300
Seattle, WA 98121
Telephone: (206) 624-8300
Email: brian.esler@millernash.com

Attorneys for Defendant

DEFENDANT'S ANSWER TO COMPLAINT - 10
(Case No. 2:22-cv-01096-RSL)

4878-0319-4422.3

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

DATED this 3rd day of October, 2022, at Seattle, Washington.

*s/ Brian W. Esler*
Brian W. Esler

CERTIFICATE OF SERVICE
(Case No. 2:22-cv-01096-RSL)

**Miller Nash LLP**
Pier 70 | 2801 Alaskan Way | Suite 300
Seattle, WA  98121-1128
206.624.8300 | Fax: 206.340.9599

4878-0319-4422.3