THE HONORABLE ROBERT S. LASNIK
NOTE ON MOTION CALENDAR:
NOVEMBER 18, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRINCIPAL FINANCIAL SERVICES, INC., an Iowa corporation,<br><br>Plaintiff,<br><br>v.<br><br>PRINCIPAL WARRANTY, LLC, d/b/a PRINCIPAL WARRANTY CORP.,<br><br>Defendant. | NO. 2:22-cv-01096-RSL<br><br>PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES<br><br>NOTE ON MOTION CALENDAR:<br>November 18, 2022 |

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Principal Financial Services, Inc. ("Plaintiff" or "Principal"), by and through its attorneys, Neal & McDevitt LLC, moves to strike all of the affirmative defenses set forth in Defendant Principal Warranty, LLC's ("Defendant" or "Principal Warranty") Answer to the Complaint. (Dkt. No. 18).

### I.   BACKGROUND

Principal is one of the country's oldest and most respected providers of, insurance, underwriting, real estate, investment, investment management, investment advisory, lending, employee benefits, healthcare, financial, banking, mutual funds, retirement, and global asset management services. Principal has offered these and other services under a famous family of PRINCIPAL marks since at least 1960. Defendant Principal Warranty also offers financial

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
(2:22-cv-01096-RSL) – 1

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

services, such as motor vehicle service contracts, GAP insurance coverage, drive-train warranties, and similar products, under the confusingly similar PRINCIPAL WARRANTY mark, which Principal Warranty adopted long after Principal adopted its famous family of PRINCIPAL marks.

On August 4, 2022, Principal filed a Complaint against Principal Warranty in this Court alleging, among other things, trademark infringement, unfair competition, and trademark dilution. (Dkt. No. 1.) Principal Warranty answered Principal's Complaint on October 3, 2022, denying many of Principal's allegations. (Dkt. No. 18.) At the conclusion of its Answer, and without alleging any preliminary facts, Principal Warranty listed nine affirmative defenses:

> 1. Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.
>
> 2. PWC started openly using the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. names and marks in 2009, established a website at www.principalwarrantycorp.com by no later than 2011, and has used those names, and other PRINCIPAL-formative names, for its products and services continuously since for [sic] its distinct products and services. Hence, PWC and PFS have been co-existing for over a dozen years in the United States. During that time, PWC is unaware of any consumer confusion that has arisen between PWC's PRINCIPAL WARRANTY and PRINCIPAL WARRANTY COPR. Marks and offerings (or any other of PWC's uses of Principal-formative names) and PFS's PRINCIPAL marks and offerings as described in the complaint. This longstanding co-existence itself demonstrates that confusion is unlikely.
>
> 3. The parties provide distinct products and services. PWC's PRINCIPAL WARRANTY CORP. And PWC PRINCIPAL WARRANTY CORP. [sic] marks (and any other of PWC's uses of Principal-formative names) are used exclusively with PWC's Vehicle Service Contracts and related automotive products and services, and marketed exclusively to automobile and RV dealers, which products and services PFS does not provide, and which market PFS does not service. None of PFS's active PRINCIPAL filings before the United States Patent and Trademark Office ("Trademark Office") include identifications for auto, automobile, automotive, vehicle, car, motorcycle, or similar transportation focused terms. Therefore, the parties provide distinct services within Class 36.

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
(2:22-cv-01096-RSL) – 2

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

4. Plaintiff's marks are not sufficiently famous or distinctive and the field is crowded. A June 27, 2019 search of the Trademark Office database revealed 416 filings containing the term "PRINCIPAL," including 124 active filings, 107 active registrations, and 15 Class 26 active filings owned by parties other than PFS ("Third Party Filings"). These Third Party Filings include numerous registrations for financial, insurance, investment, and annuity services.

5. The term "principal" is descriptive in connection with financial and investment services (see, e.g., https://www.invstopedia.com/terms/p/principal/asp). Therefore, PFS's rights in the descriptive PRINCIPAL term are extremely narrow.

6. PWC's PRINCIPAL WARRANTY CORP. And PWC PRINCIPAL WARRANTY CORP. & Design marks are visually and aurally distinct from PFS's PRINCIPAL marks. Consumers are unlikely to assume these visually and aurally distinctive marks emanate from the same source, and PWC is unaware of any confusion.

7. There is a First Amendment right to use the common English term of "principal," which means both the "first in order of importance" and "a sum of money," and PWC's use of "principal" in any marks of names plays off both of those definitions.

8. To the extent that PFS began using any mark at issue in 2009 or thereafter, PWC may have priority of use with respect to only those marks.

9. Some or all of Plaintiff's claims may be barred by equitable principles, including laches.

(Dkt. No. 18 at 8-10.) As discussed, below, each of these Affirmative Defenses has been improperly asserted.

## II.   ARGUMENT

All of Defendant Principal Warranty's affirmative defenses are deficient and should be stricken. The majority of the affirmative defenses constitute simple denials of the allegations of the Complaint, and therefore, fail to raise new matters which, if true, will defeat the claims within the Complaint. The first affirmative defense is not an affirmative defense at all, but

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (2:22-cv-01096-RSL) – 3

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

rather the basis for a motion to dismiss, which Principal Warranty waived by answering rather than filing such a motion. Fed. R. Civ. P. 12(b)(6). Affirmative Defenses Two through Six and Eight are mere denials of the Plaintiff's *prima facie* case and not affirmative defenses. The remaining defenses lack even basic supporting allegations sufficient to comply with Fed. R. Civ. P. 8(c).

Rule 12(f) provides that, upon a motion made by a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As previously stated, each of the affirmative defenses should be stricken because they: (a) fail to conform to federal pleading standards due to their complete lack of factual allegations; and (b) are not cognizable affirmative defenses. It is not settled in this District whether affirmative defenses must comply with the notice requirements of Fed. R. Civ. P. 8(c) or the plausibility requirements of *Twombly* and *Iqbal*. *Compare Firs Home Owners Association v. City of Seatac*, 2020 WL 1441123, at *1 (Case No. 19-cv-1130-RSL, W.D. Wash., March 23, 2020 (declining to apply *Iqbal* and *Twombly*)); *MacLay v. MV SAHARA*, 926 F. Supp. 2d 1209, 1217 (W.D. Wash. 2013) ("affirmative defenses must meet the standards of Fed. R. Civ. P. 12(b)(6)."). Regardless of which standard is applied, none of Principal Warranty's affirmative defenses have been properly asserted.

**A.  The First through Sixth and Eighth Affirmative Defenses are not Affirmative Defenses.**

Affirmative defenses "plead matters extraneous to the plaintiff's *prima facie* case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *CMRE Financial Services Inc. v. Doxo Inc.*, 2022 WL 3579597, at *4 (Case No. 2:22-cv-00298-RAJ-BAT, W.D. Wash., June 9, 2022) (quoting *FDIC v. Main-Hurdman,* 655 F. Supp. 259, 262

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (2:22-cv-01096-RSL) – 4

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

(E.D. Cal. 1987). "If a purported affirmative defense only addresses the elements of the cause of action, it is not an affirmative defense and it will be stricken as redundant." *Id.*

The first Affirmative Defense simply recites the standard of dismissal under Rule 12(b)(6). This does not plead anything extraneous to the Complaint, but rather challenges the sufficiency of the Complaint's allegations. The appropriate vehicle for challenging the sufficiency of the Complaint is via a motion to dismiss, and not via a barebones legal conclusion. *See, e.g., MacLay*, 926 F. Supp. 2d at 1217 (striking affirmative defense of failure to state a claim when defendant failed to file motion under Rule 12(b)(6)."). Any such motion must be made before filing a responsive pleading, or the motion is waived. Fed. R. Civ. P. 12 ("A motion asserting any of these defenses [including 12(b)(6)] must be made before pleading if a responsive pleading is allowed."). Defendant waived this defense when it answered in lieu of filing a motion to dismiss. This affirmative defense should therefore be stricken.

The Second, Third, Fourth, Fifth and Sixth Affirmative Defenses simply constitute denials of the elements of Plaintiff's claim that there is a likelihood of confusion between PRINCIPAL and PRINCIPAL WARRANTY. The eight-factor test for determining likelihood of confusion in this Circuit is set forth in *AMF v. Sleekcraft Boats*: (1) the strength of the senior mark; (2) the proximity of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) the type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and (8) the likelihood of expansion of the product lines. 599 F.2d 341, 348-349 (9th Cir. 1979). The Second Affirmative Defense simply constitutes a denial of the fourth *Sleekcraft* factor; The Third Affirmative Defense is a denial of the second factor; the Fourth Affirmative Defense is a denial of the first factor; the Fifth Affirmative Defense is also a denial of the first factor; the Sixth Affirmative Defense is a denial of the third factor; and the Eighth Affirmative Defense

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
(2:22-cv-01096-RSL) – 5

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

appears to be a generic denial that the Plaintiff owns trademark rights.  It is proper to strike affirmative defenses, such as these, that merely deny elements of the plaintiff's *prima facie* case.  *MacLay*, 926 F. Supp. 2d at 1219 (striking affirmative defense that merely rebuts an element of Plaintiff's *prima facie* case).

### B.   Affirmative Defenses Seven and Ten Lack Factual Support.

Affirmative Defenses Seven and Ten appear to be more traditional affirmative defenses, but neither of these defenses is supported by facts sufficient to satisfy either the notice pleading or plausibility standards.  They should therefore be stricken.

Defendant's Seventh Affirmative Defense purports to assert the First Amendment to the United States Constitution as a defense to infringement: "8. There is a First Amendment right to use the common English term of 'principal,' which means both the 'first in order of importance' and 'a sum of money,' and PWC's use of 'principal' in any marks of names plays off both of those definitions."  While the First Amendment does sometimes provide a defense to trademark infringement, *see, e.g., Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), Defendant's Answer contains no facts to explain why such a defense applies here.  The mere fact that there are dictionary definitions for the word "principal," by itself, cannot provide such a defense as the Lanham Act provides protection for countless terms with dictionary definitions, including APPLE®, GENERAL MOTORS®, HOME DEPOT®, and AMAZON®.

Defendant's Ninth Affirmative Defense generally asserts "equitable principles, including laches" but does not assert any facts upon which those defenses could be based.  Laches, for example, requires a defendant to show that a Plaintiff unreasonably delayed in bringing suit and that this delay prejudiced the defendant.  *See Internet Specialties West, Inc, v. Milon-DiGiorgio Enterprises, Inc.*, 559 F.3d 985, 990 (9th Cir. 2009).  The Defendant has made

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
(2:22-cv-01096-RSL) – 6

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

no allegations of unreasonable delay, nor prejudice, nor has the Defendant even identified which other equitable defenses it is asserting. The Court should strike this affirmative defense.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court strike each of Defendant Principal Warranty's affirmative defenses.

DATED this 24th day of October, 2022.

>NEAL & McDEVITT, LLC
>
>By: */s/Jeffrey T. Norberg*
>Jeffrey T. Norberg, pro hac vice admitted
>1776 Ash Street
>Northfield, IL 60093
>(847) 881-2468 (main)
>jnorberg@nealmcdevitt.com
>
>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
>
>Ramona N. Hunter, WSBA #31482
>Hailey K. Delay, WSBA #54887
>1700 7th Avenue, Suite 2100
>Seattle, WA 98101
>(206) 709-5900 (main)
>ramona.hunter@wilsonelser.com
>hailey.delay@wilsonelser.com
>
>*Attorneys for Plaintiff Principal Financial Services, Inc.*

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (2:22-cv-01096-RSL) – 7

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM.ECF system which will send notification of such filing to all counsel of record.

DATED this 24th of October, 2022 at Portland, Oregon.

/s/*Jeffrey T. Norberg*
Jeffrey T. Norberg

PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES
(2:22-cv-01096-RSL) – 8

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)