THE HONORABLE ROBERT S. LASNIK
NOTE ON MOTION CALENDAR:
NOVEMBER 18, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRINCIPAL FINANCIAL SERVICES, INC., an Iowa corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>PRINCIPAL WARRANTY, LLC, d/b/a PRINCIPAL WARRANTY CORP.,<br><br>                    Defendant. | NO. 2:22-cv-01096-RSL<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES<br><br>NOTE ON MOTION CALENDAR:<br>November 18, 2022 |

Defendant's Opposition to Plaintiff's Motion to Strike carefully builds several strawmen while implicitly admitting that its affirmative defenses are either (1) insufficiently plead or (2) mere denials of the allegations of the complaint.  These arguments should be rejected.

I.      **DEFENDANT'S AFFIRMATIVE DEFENSES FAIL EVEN UNDER THE NOTICE PLEADING STANDARD**

Defendant spends two pages of its brief arguing that "Plaintiff PFS is wrong to suggest that the *Twombly/Iqbal* plausibility standard applies to affirmative defenses . . ."  Opp. at 2. Plaintiff did not make that argument.  Rather, Plaintiff noted that courts in this District have

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

1

2

applied *both* the plausibility and notice pleading standards, and that Defendant's affirmative

defenses fail under even the lower standard.  Dkt. No. 19 at 4.

3

4

5

6

7

8

9

10

11

The *Firs Home Owners Association v. City of Seatac* case, cited in Plaintiff's motion,

is an example of this Court using the lower notice pleading standard to strike affirmative

defenses just like those asserted in this case.  2020 WL 1441123, at *1 (Case No. 19-cv-1130-

RSL, W.D. Wash., March 23, 2020).  In that case, this Court struck two affirmative defenses

that "simply assert that the plaintiff will be unable to prove its claims" and one affirmative

defense – waiver – that failed to contain facts to put Plaintiff on adequate notice.  *Id*.  Here, the

Defendant admits in its opposition brief that affirmative defenses two through six and eight are

not affirmative defenses at all but instead mere denials of elements of Plaintiff's likelihood of

confusion case.  Opposition Brief at III.C.2-6, 8.

12

13

14

15

16

17

18

19

Regarding its equitable affirmative defenses (No. 9), Defendant misstates Plaintiff's

argument.  Contrary to Defendant's assertion, Plaintiff did not "claim that 'laches' is not a

proper affirmative defense[]."  Opposition Brief at 13.  Plaintiff has asked the Court to strike

this affirmative defense because Defendant made no factual allegations at all in its support.  It

is not even clear whether this affirmative defense is limited to laches, or whether it includes

other equitable defenses: "9. Some or all of Plaintiff's claims may be barred by equitable

principles, including laches."  Dkt. No. 18 at 10.

20

21

22

23

24

Defendant's First Amendment affirmative defense (No. 7) also suffers from a lack of

facts to put the Plaintiff on adequate notice.  Defendant's Opposition Brief appears to argue that

the Lanham Act's prohibitions on dilution are unconstitutional under the First Amendment, but

that is not what their affirmative defense states.  Affirmative Defense No. 7 simply notes that

"principal" is a word that has two dictionary definitions, and that the Defendant's use of that

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE
AFFIRMATIVE DEFENSES (2:22-cv-01096-RSL) – 2

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

word "plays off both those definitions."  Defendant's Opposition Brief provides no clarity how that provides a cognizable First Amendment defense is in this case, instead arguing generally that the First Amendment does sometimes apply in trademark cases.  That, of course, is not in dispute.  What is in dispute is whether the Defendant has provided facts sufficient to put Plaintiff on notice of how Plaintiff's claims would deny Defendant a First Amendment right.

## II.     PLAINTIFF DOES NOT OBJECT TO DEFENDANT'S REQUEST TO AMEND AFFIRMATIVE DEFENSES SEVEN AND NINE

Defendant submits a declaration to add factual support to its affirmative defenses, thereby implicitly admitting that its defenses are factually inadequate.  Defendant's Opposition then asks this Court to grant leave to amend the affirmative defenses should the Court find them deficient.  As Plaintiff explained in the opening brief, the majority of the affirmative defenses are not affirmative defenses at all, but rather mere denials of elements of Plaintiff's claim for likelihood of confusion.  As mere denials, amending to add further facts would be futile. Affirmative Defenses Seven (First Amendment) and Nine (equitable defenses) do not fall into this category, and Plaintiff does not object to Defendant's request to amend with respect to these two Affirmative Defenses.

## III.     CONCLUSION

For the foregoing reasons, and for the reasons stated in Plaintiff's Opening Brief, Plaintiff respectfully requests that this Court strike each of Defendant Principal Warranty's affirmative defenses.

DATED this 18th day of November, 2022.

NEAL & McDEVITT, LLC

By: */s/Jeffrey T. Norberg*
Jeffrey T. Norberg, pro hac vice admitted
1776 Ash Street
Northfield, IL 60093

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE
AFFIRMATIVE DEFENSES (2:22-cv-01096-RSL) – 3

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

(847) 881-2468 (main)
jnorberg@nealmcdevitt.com

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

Ramona N. Hunter, WSBA #31482
Hailey K. Delay, WSBA #54887
1700 7th Avenue, Suite 2100
Seattle, WA 98101
(206) 709-5900 (main)
ramona.hunter@wilsonelser.com
hailey.delay@wilsonelser.com

*Attorneys for Plaintiff Principal Financial
Services, Inc.*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE
AFFIRMATIVE DEFENSES (2:22-cv-01096-RSL) – 4

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/Jeffrey T. Norberg
Jeffrey T. Norberg

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE
AFFIRMATIVE DEFENSES (2:22-cv-01096-RSL) – 5

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
1700 7TH AVENUE, SUITE 2100
SEATTLE, WA 98101
(206) 709-5900 (MAIN)
(206) 709-5901 (FAX)