1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PRINCIPAL FINANCIAL SERVICES,

Plaintiff,

v.

PRINCIPAL WARRANTY, LLC,

Defendant.

Case No. C22-1096RSL

ORDER GRANTING IN
PART PLAINTIFF'S
MOTION TO STRIKE

This matter comes before the Court on plaintiff's "Motion to Strike Affirmative Defenses" (Dkt. # 19). Having reviewed the submissions of the parties and the remainder of the record, the Court grants plaintiff's motion in part.

**I.      Background**

On August 4, 2022, plaintiff Principal Financial Services filed a complaint against defendant Principal Warranty LLC, alleging, among other things, trademark infringement, unfair competition, and trademark dilution. *See* Dkt. # 1. Principal Warranty answered Principal's Complaint on October 3, 2022, denying many of Principal's allegations. *See* Dkt. # 18. At the conclusion of its Answer, Principal Warranty listed nine affirmative defenses:

> 1. Some or all of Plaintiffs' claims fail to state a claim upon which relief can be granted.
>
> 2. PWC started openly using the PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. names and marks in 2009, established a website at www.principalwarrantycorp.com by no later than 2011, and has used those names, and other PRINCIPAL-formative names, for its products

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO STRIKE - 1

and services continuously since for its distinct products and services. Hence, PWC and PFS have been co-existing for over a dozen years in the United States. During that time, PWC is unaware of any consumer confusion that has arisen between PWC's PRINCIPAL WARRANTY and PRINCIPAL WARRANTY CORP. marks and offerings (or any other of PWC's uses of Principal-formative names) and PFS's PRINCIPAL marks and offerings as described in the complaint. This longstanding co-existence itself demonstrates that confusion is unlikely.

3. The parties provide distinct products and services. PWC's PRINCIPAL WARRANTY CORP. and PWC PRINCIPAL WARRANTY CORP. marks (and any other of PWC's uses of Principal-formative names) are used exclusively with PWC's Vehicle Service Contracts and related automotive products and services, and marketed exclusively to automobile and RV dealers, which products and services PFS does not provide, and which market PFS does not service. None of PFS's active PRINCIPAL filings before the United States Patent and Trademark Office ("Trademark Office") include identifications for auto, automobile, automotive, vehicle, car, motorcycle, or similar transportation focused terms. Therefore, the parties provide distinct services within Class 36.

4. Plaintiffs marks are not sufficiently famous or distinctive and the field is crowded. A June 27, 2019 search of the Trademark Office database revealed 416 filings containing the term "PRINCIPAL," including 124 active filings, 107 active registrations, and 15 Class 36 active filings owned by parties other than PFS ("Third Party Filings"). These Third Party Filings include numerous registrations for financial, insurance, investment, and annuity services.

5. The term "principal" is descriptive in connection with financial and investment services (see, e.g., https://www.investopedia.com/terms/p/principal.asp). Therefore, PFS's rights in the descriptive PRINCIPAL term are extremely narrow.

6. PWC's PRINCIPAL WARRANTY CORP. and PWC PRINCIPAL WARRANTY CORP. & Design marks are visually and aurally distinct from PFS's PRINCIPAL marks. Consumers are unlikely to assume these visually distinctive marks emanate from the same source, and PWC is unaware of any confusion.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO STRIKE - 2

7. There is a First Amendment right to use the common English term of "principal," which means both "first in order of importance" and "a sum of money," and PWC's use of "principal" in any marks or names plays off both of those definitions.

8. To the extent that PFS began using any mark at issue in 2009 or thereafter, PWC may have priority of use with respect to only those marks.

9. Some or all of Plaintiff's claims may be barred by equitable principles, including laches.

Dkt. # 18 at 8-10.

## II.      Motion to Strike

Plaintiff brings this motion under Federal Rule of Civil Procedure 12(f), arguing that all nine of defendant's asserted affirmative defenses are "deficient and should be stricken." Dkt. # 19 at 3; *see also* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Plaintiff's motion to strike raises three primary arguments. First, plaintiff contends that defendant's first affirmative defense is "not an affirmative defense at all, but rather the basis for a motion to dismiss." Dkt. # 19 at 3-4. Second, plaintiff contends that defendant's affirmative defenses two through six and eight are "mere denials of the Plaintiff's prima facie case and not affirmative defenses." *Id.* at 4. Finally, plaintiff contends that defendant's remaining affirmative defenses fail to comply with Federal Rule of Civil Procedure 8(c). *Id.* The Court addresses each of plaintiff's arguments in turn.

### A.  Failure to State a Claim

Plaintiff is correct in noting that courts in this district have previously dismissed affirmative defenses that merely "assert that plaintiff will be unable to prove its claims." *Firs Home Owners Ass'n v. City of SeaTac*, No. C19-1130RSL, 2020 WL 1441123, at *1 (W.D. Wash. Mar. 23, 2020); *see also MacLay v. M/V SAHARA*, 926 F. Supp. 2d 1209, 1217 (W.D. Wash. 2013). The Court agrees with these prior rulings that "failure to state a claim" is not an affirmative defense. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO STRIKE - 3

1  defense."); *Savage v. Citibank, N.A.*, No. C14-3633BLF, 2015 WL 4880858, at *4 (N.D. Cal.

2  Aug. 14, 2015). However, the Federal Rules of Civil Procedure state that "failure to state a

3  claim" is a permissible defense that may be raised in an answer to a complaint. *See* Fed. R. Civ.

4  P. 12(h)(2)(A) (explaining that failure to state a claim may be raised "in any pleading allowed or

5  ordered under Rule 7(a)," which includes an answer to a complaint).[1] Accordingly, "the Court

6  perceives no good reason to strike th[is] otherwise permissible (and self-explanatory) defense[]

7  on semantic grounds." *Savage*, 2015 WL 4880858, at *4. The Court will simply consider it not

8  as an affirmative defense, but as a general denial or objection. *Hargrove v. Hargrove*, No. C16-

9  1743RAJ, 2017 WL 1788426, at *2 (W.D. Wash. May 5, 2017),

10        **B.  Denials of Plaintiff's Prima Facie Case**

11        Plaintiff next argues that defendant's affirmative defenses two through six and eight are

12  "mere denials of the Plaintiff's prima facie case and not affirmative defenses." Dkt. # 19 at 4. As

13  discussed, an attack on a plaintiff's case-in-chief is not an affirmative defense. *Zivkovic*, 302

14  F.3d at 1088.[2] Accordingly, if a purported affirmative defense only addresses the elements of

15  _____

16        [1] Plaintiff argues that defendant has waived its 12(b)(6) defense because defendant "answered in
lieu of filing a motion to dismiss." Dkt. # 19 at 5. However, this argument misreads the relevant rules.

17  As the Ninth Circuit has explained:

18        The consequence of omitting a defense from an earlier motion under Rule 12
        depends on type of defense omitted. A defendant who omits a defense under

19        Rules 12(b)(2)–(5)—lack of personal jurisdiction, improper venue, insufficient
        process, and insufficient service of process—entirely waives that defense. Fed. R.

20        Civ. P. 12(h)(1)(A). A defendant who omits a defense under Rule 12(b)(6)—
        failure to state a claim upon which relief can be granted—does not waive that

21        defense. Rule 12(g)(2) provides that a defendant who fails to assert a failure-to-
        state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in

22        a later pre-answer motion under Rule 12(b)(6), but the defense may be asserted in
        other ways. Fed. R. Civ. P. 12(h)(2).

23

24  *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v.*

25  *Pepper*, 587 U.S. __, 139 S. Ct. 1514 (2019).

26        [2] Defendant argues that Rule 8(c) requires parties to state any "avoidance or affirmative
defense," and that here, identifying a defect in the plaintiff's complaint could be construed as an

27  "avoidance." Dkt. # 21 at 5 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice &
Procedure § 1271 (4th ed. 2022)). However, the very same source defendant relies on explains that Rule

28  8(c) "should be read in conjunction with, and distinguished from, Rule 8(b), which deals with denials or

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO STRIKE - 4

1   the plaintiff's cause of action, courts routinely conclude that it is not an affirmative defense and

2   will strike it as redundant. *See, e.g.*, *United States v. Ctr. for Diagnostic Imaging, Inc.*, No. C05-

3   58RSL, 2011 WL 6300174, at *3 (W.D. Wash. Dec. 16, 2011); *DeSalvo v. Islands Restaurants,*

4   *L.P.*, No. C20-2620VAP, 2020 WL 4035071, at *3 (C.D. Cal. July 16, 2020) (collecting cases

5   from the Central District of California); *Sherwin–Williams Co. v. Courtesy Oldsmobile-*

6   *Cadillac, Inc.*, No. C15-1137MJS, 2016 WL 615335, at *2 (E.D. Cal. Feb. 16, 2016); *Barnes v.*

7   *AT&T Pension Ben. Plan*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010).

8          Here, with regard to its trademark infringement claim, plaintiff bears the burden of proof

9   to show (1) its trademarks are valid and protectable; (2) it owns the trademark; and (3)

10  likelihood of confusion. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S.

11  111, 121 (2004); *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925,

12  927-28 (9th Cir. 2005); *Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778, 783 (9th Cir. 2002);

13  Ninth Cir. Civil Jury Instr. 15.6 (2022). Defendant's "affirmative defenses" two through six all

14  argue against a finding of likelihood of confusion. *See* Dkt. # 21 at 6-10. Additionally,

15  defendant's eighth "affirmative defense" argues that it "may have priority of use" with respect to

16  certain marks. *Id.* at 12. While a defendant may raise the argument "that it used the mark in

17  commerce first," it may do so in the context of arguing that plaintiff cannot establish a "valid,

18  protectable trademark interest." *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d

19  1036 (9th Cir. 1999). Thus, these "affirmative defenses" simply provide a basis to negate an

20  element of plaintiff's prima facie case for relief and are restatements of denials present in earlier

21  parts of the complaint. Accordingly, these affirmative defenses, which, in fact, are merely

22  rebuttal to plaintiff's claims, are stricken.

23

24  negative defenses that directly contradict elements of the plaintiff's claim for relief." Wright & Miller,

25  *supra*, § 1270. Additionally, "the rule's reference to 'any avoidance or affirmative defense' encompasses
    two types of defensive allegations: those that admit the allegations of the complaint but suggest some

26  other reason why there is no right of recovery, and those that concern allegations outside of the
    plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer."

27  *Id.* § 1271. Accordingly, the Court disagrees with defendant that the Rule's reference to "avoidance"

28  may be construed as permitting challenges to plaintiff's prima facie case to be pleaded under Rule 8(c).

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO STRIKE - 5

1        The only case defendant cites to the contrary is *Lister v. Hyatt Corp.*, No. C18-0961JLR,

2    2019 WL 5190893, at *8 (W.D. Wash. Oct. 15, 2019). However, in *Lister*, the court explained

3    that although it had discretion to strike these "negative defenses," it declined to do so because

4    the case was in an advanced procedural stage and striking the defenses would not "streamline

5    the proceedings in any way." *Id.* at *9. Here, the litigation is still in the early stages, thus the

6    Court will exercise its discretion to STRIKE defendant's second, third, fourth, fifth, sixth and

7    eighth affirmative defenses.

8        While leave to amend should be freely given, *Allen v. City of Beverly Hills*, 911 F.2d 367,

9    373 (9th Cir. 1990), leave to amend may be denied if the proposed amendment is futile or would

10   be subject to dismissal, *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th

11   Cir. 2011). Here, defendant's affirmative defenses have been struck not for insufficient pleading,

12   but because they are not cognizable as affirmative defenses. Thus, the Court finds that leave to

13   amend would be futile and denies defendant's request for leave to amend.

14      **C.  Rule 8(c)**

15       Finally, the Court turns to plaintiff's argument that neither defendant's affirmative

16   defenses seven or nine "is supported by facts sufficient to satisfy either the notice pleading or

17   plausibility standards." Dkt. # 19 at 6. As both parties note, the Ninth Circuit has yet to weigh in

18   on the appropriate pleading standard for affirmative defenses. Dkt. # 19 at 4; Dkt. # 21 at 2, 4.

19   Accordingly, some district courts have applied the plausibility requirement of *Twombly* and

20   *Iqbal* to affirmative defenses and others have declined to do so. *See, e.g.*, *Goobich v.*

21   *Excelligence Learning Corp.*, No. C19-6771EJD, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30,

22   2020) (noting that "courts in [the Northern District of California] continue to require affirmative

23   defenses to meet the Twombly/Iqbal standard" and collecting cases); *IFIXITUSA LLC v. Ifixit*

24   *Corp.*, No. C21-887DGC, 2022 WL 3647788, at *2 (D. Ariz. Aug. 24, 2022) (noting that courts

25   in the District of Arizona have declined to apply the *Twombly*/*Iqbal* standard to affirmative

26   defenses and collecting cases). This Court previously ruled:

27           With regards to the sufficiency of the pleading, the Court finds that the
        language of Fed. R. Civ. P. 8(c), the fact that a defendant is not required to

28

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO STRIKE - 6

show that it is entitled to relief when pleading an affirmative defense, the short time frame in which defendant must investigate plaintiff's accusations and file a response, and the form answer provided in the Federal Rules for an affirmative defense all militate against imposing the heightened pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), on affirmative defenses. Nevertheless, the answer, when read in conjunction with the allegations of plaintiff's complaint and other matters in the record, must comply with Rule 8's requirement of a "short and plain" statement to give the opposing party fair notice of the defense and the grounds upon which it rests. *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).

*Firs Home Owners Ass'n*, 2020 WL 1441123, at *1. The Court stands by its earlier ruling on this subject and declines to apply the heightened pleading standard to defendant's asserted affirmative defenses. However, even under the more lenient pleading standard of Rule 8, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827.

Here, the Court agrees that the pleaded defenses stop short of providing plaintiff with "fair notice" of defendant's theory. *Id.* Defendant's seventh affirmative defense merely argues that "[t]here is a First Amendment right to use the common English term of 'principal'" and then provides two definitions of the word, noting that "PWC's use of 'principal' in any marks or names plays off both those definitions." Dkt. # 18 at 9. While defendant elaborates on why it believes it "may still have a complete defense under the First Amendment" in its opposition to plaintiff's motion, Dkt. # 21 at 11-12, the affirmative defense asserted in its Answer fails to provide plaintiff with "a chance to argue, if [it] can, why the imposition of [the defense] would be inappropriate." *Blonder-Tongue Lab'ys, Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 350 (1971). Defendant's ninth affirmative defense asserts that "[s]ome or all of Plaintiff's claims may be barred by equitable principles, including laches." Dkt. # 19 at 10. This assertion neither identifies the specific "equitable principles" defendant is claiming may operate to bar plaintiff's claims, nor identifies which claims might be barred. Accordingly, it fails to give plaintiff "fair notice."

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO STRIKE - 7

The Court thus STRIKES defendant's seventh and ninth affirmative defenses, but GRANTS defendant leave to amend. Within 21 days of the date of this Order, Defendant may file an amended answer that adequately asserts its First Amendment and equitable defenses.

**III.    Conclusion**

For all the foregoing reasons, plaintiff's motion to strike (Dkt. # 19) is GRANTED IN PART. The Court STRIKES defendant's affirmative defenses two through nine. The Court GRANTS defendant leave to amend with regard to affirmative defenses seven and nine. Within 21 days of the date of this Order, Defendant may file an amended answer that adequately asserts its First Amendment and equitable defenses.


IT IS SO ORDERED.


DATED this 17th day of April, 2023.




_MM S Lasnik_
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO STRIKE - 8